THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES PARKER, Appellant.—

Concur — Stevens, J. P., Steuer, Capozzoli, McNally and McGivern, JJ.

In the Matter of the Construction of the Will of ALBERT L. KING, Deceased. LEON SCHAEFLER, as Executor of ALBERT L. KING, Deceased, et al., Appellants; UNITED JEWISH APPEAL OF GREATER NEW YORK, INC., et al., Respondents.—

Concur — Stevens, J. P., Eager, Capozzoli and Tilzer, JJ.; McGivern, J., dissents in part in the following memorandum: I dissent from the majority to the extent that I do not espouse the conclusion that the modest estate of the testator, Albert L. King, should be saddled by the higher tax rates resulting from the inclusion of the appointive property in his estate. In my opinion, the appointive property is liable for at least its proportionate share of the tax on Albert's taxable estate, under section 2207 of the Internal Revenue Code (U. S. Code, tit. 26, § 2207). This statute, as does section 124 of the New York Decedent Estate Law, provides that there shall be an apportionment of the total tax *unless the testator directs otherwise in his will.* And that is precisely what the testator did. He directed that his probate estate should pay only the amount of tax which would have been payable by his estate if he had not had a power of appointment and he ordered that the excess, or the amount actually generated by the power of appointment, be paid out of the appointive fund. He invoked the statutory privilege and he directed that the tax burden be borne by the asset which generated it. To that extent, he did what the statutes permitted him to do, he liberated his own probate estate of an undue burden, and having acted within the statute, his testamentary direction should be honored. As to the second question: whether there is to be an apportionment within the fund which would give the charities the entire benefit of the charitable deduction on the property payable to them, I would affirm the Surrogate and concur with the majority.